**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHRISTOPHER M. HUTCHINGS,**

        **Plaintiff,**

**v.**                                               **Case No:  6:18-cv-1825-Orl-41GJK**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

Christopher M. Hutchings ("Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security ("Commissioner") denying his application for Social Security Disability benefits. Doc. No. 1. Claimant alleges a disability onset date of September 30, 2013. R. 83. Claimant argues that the decision of the Administrative Law Judge (the "ALJ") should be reversed because: 1) the ALJ posed an incomplete hypothetical to the Vocational Expert (the "VE"); 2) the ALJ erred in evaluating Claimant's panic attacks; 3) the ALJ erred in evaluating Claimant's subjective symptoms; 4) the ALJ erred in failing to appropriately weigh Claimant's Veterans Administration ("VA") disability rating; and 5) the ALJ erred in failing to explain the weight afforded the state agency reviewer. Doc. No. 21 at 9-11, 13-14, 18-22, 25, 28. For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's decision be **REVERSED**.

    **I.**    **STANDARD OF REVIEW**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla – i.e., the evidence must

do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.   ANALYSIS

On October 25, 2017, the ALJ issued her decision denying Claimant's application for Social Security Disability benefits. R. 7. The ALJ found that Claimant has the following severe impairments: "disorders of the spine, disorders of the right shoulder, hepatitis C, and anxiety disorder (20 CFR 404.1520(c))." R. 12. The ALJ assigned Claimant a residual functional capacity of light work with the following limitations:

> sitting, standing and walking about six hours each in an eight hour workday. He can do no more than frequent stooping. The claimant must avoid concentrated exposure to extreme cold, vibration, and hazards (machinery, heights, etc.). He is limited to no more than simple, routine, repetitive tasks. He can have no more than occasional interaction with supervisors and co-workers, and the general public. The claimant requires at least a 15-minute break every 3-4 hours.

R. 15. Relying on the VE's testimony, the ALJ found that Claimant could successfully adjust to work other than his past relevant work and that significant numbers of jobs exist that Claimant can perform. R. 24. Thus, the ALJ found that Claimant has not been under a disability from his alleged onset date to the date of the ALJ's decision. R. 25.

Claimant argues that the ALJ's decision should be reversed for the reasons stated above.

### A.        The Hypothetical Question to the VE

Claimant argues that the ALJ erred by posing an incomplete hypothetical question to the VE. Doc. No. 21 at 9-11. Specifically, Claimant contends that the record does not show that Claimant can perform simple, unskilled work. *Id.* at 9.

Claimant points to the Mental Residual Functional Capacity Assessment (the "Assessment") by the state agency doctor, in which the doctor rated Claimant as moderately limited in maintaining attention and concentration for extended periods and commented that Claimant "'may have difficulty maintaining attention and concentration for extended periods of time, possibly due to physical complaints.'" *Id.* (quoting R. 96). The doctor also found that Claimant was not significantly limited in his ability to carry out short and simple instructions and make simple work-related decisions. R. 95-96. In the Assessment, the doctor provides the additional explanation that "[C]laimant appears to have mental capacity to perform daily and routine activities." R. 97.

In *Syed v. Commissioner of Social Security*, 441 F. App'x 632, 635 (11th Cir. 2011),[1] the Eleventh Circuit held that because the claimant "was not significantly limited in his ability to complete simple work-like procedures[,]" the medical evidence demonstrated that he "could engage in simple, routine tasks and unskilled work despite any limitations . . . ." The

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. 11th Cir. R. 36-2.

hypothetical posed to the VE accounted for the claimant's limitations "[b]ecause simple, unskilled work sufficiently accounted for limitations in concentration, persistence, and pace . . . ." *Id.*

Here, the doctor found that Claimant was not significantly limited in his ability to carry out short and simple instructions and make simple work-related decisions. R. 95-96. Thus, as in *Syed*, Claimant can engage in simple, unskilled work, which accounts for Claimant's moderate limitation in maintaining attention and concentration for extended periods. *See also Mijenes v. Comm'r of Soc. Sec.*, 687 F. App'x 842, 846 (11th Cir. 2017) ("Because the medical evidence showed that [the claimant] could perform simple, routine tasks despite her limitations in concentration, persistence, and pace, the ALJ's limiting of [the claimant]'s functional capacity to unskilled work sufficiently accounted for her moderate difficulties in concentration, persistence, and pace."); *Duval v. Comm'r of Soc. Sec.*, 628 F. App'x 703, 713 (11th Cir. 2015) ("[T]he ALJ accounted for [the claimant]'s moderate limitations in concentration, persistence, or pace by limiting him to simple, routine, and repetitive tasks, which medical evidence showed he could perform.").

Claimant also argues that his anxiety issues demonstrate that he cannot perform simple, unskilled work. Doc. No. 21 at 10. Claimant then recounts the evidence supporting this assertion. *Id.* The ALJ's decision demonstrates that she considered the evidence of Claimant's panic attacks, but also relied on the evidence that Claimant's medication stabilized his anxiety, there was no impairment to his ability to understand and follow instructions, only mild to moderate impairment in his ability to respond appropriately to changes in work setting, and Claimant had not required psychiatric hospitalizations, except for detoxification. R. 18-23. Claimant is therefore asking the Court to reweigh the evidence, which it is not permitted to do. *Phillips v.*

*Barnhart*, 357 F.3d at 1240 n.8. It is recommended that the Court reject Claimant's first argument.

### B.  Evaluation of Evidence Related to Panic Attacks

Claimant's second argument is that the ALJ erred in finding that "there is no indication of panic attacks or crying spells of the frequency or severity that would preclude the [C]laimant from performing gainful work activity for any twelve-month period." Doc. No. 21 at 13 (quoting R. 22). Claimant then recounts the evidence supporting frequent panic attacks and argues that "the ALJ does not explain how a limitation to simple work would accommodate documented attacks." *Id.* at 13-14.

As discussed above, the ALJ considered the evidence regarding Claimant's panic attacks and noted that Claimant "offered no reasonable explanation as to why he could not perform simple, routine, repetitive tasks." R. 18-23. Because Claimant is asking the Court to reweigh the evidence regarding his panic attacks, it is recommended that this argument be rejected.

### C.  ALJ's Evaluation of Claimant's Subjective Symptoms

Claimant contends "that the ALJ erred in assessing his subjective symptoms." Doc. No. 21 at 17. Claimant argues that the evidence does not support the ALJ's determination that he can perform light, unskilled work. *Id.* at 19-22. Claimant contests the ALJ's conclusion that the limitations on his activities of daily living are self-limited. *Id.* at 18-19. He contends that the ALJ did not recognize or address his issues regarding fatigue and need for sleep due to his sleep impairment. *Id.* at 19.

The ALJ's conclusions are clearly articulated and supported by the record. Regarding Claimant's mental limitations, the ALJ made the following finding:

> Although [Claimant] has reported experiencing panic attacks, there
> is no indication of panic attacks or crying spells of the frequency or

> severity that would preclude the [C]laimant from performing gainful work activity for any twelve-month period. The [C]laimant has noted better functioning when he uses his medication as prescribed. While he previously struggled to maintain highly skilled employment, he offered no reasonable explanation as to why he could not perform simple, routine, repetitive tasks.

R. 22. The ALJ detailed the evidence regarding Claimant's mental limitations. R. 17, 20, 21-22. She included the findings that Claimant's ability to understand and follow instructions, retain instructions and sustain concentration to perform simple tasks, respond appropriately to coworkers, supervisors, or the general public, and engage in sedentary employment was considered not impaired. R. 22. She noted the finding that Claimant is only mild to moderately impaired in his ability to sustain concentration to task, persistence, and pace, and to respond appropriately to changes in work setting. R. 22. She stated that Claimant's only psychiatric hospitalization was for detoxification and Claimant "noted better functioning when he uses his medication as prescribed." R. 22.

Although Claimant contests the ALJ's conclusion that the limitations on his activities of daily living are self-limited, Doc. No. 21 at 18-19, he cites to no evidence of limitations being placed on him by others, including medical professionals. Instead, he relies on his decision to quit driving due to suffering a panic attack while driving. *Id.*

Claimant argues that the ALJ did not consider his issues regarding fatigue and need for sleep due to his sleep impairment. The ALJ's second finding regarding Claimant's ability to perform light unskilled work is the following:

> There is no indication in the record of any limitations as a result of hepatitis C that would preclude the [C]laimant from performing the activities described in the assessed residual functional capacity, and no treating source has suggested such limitations. In September 2013, a VA examination noted that the [C]laimant's liver conditions/ symptoms of fatigue, would require a work position that allows for regular rest breaks, every 3-4 hours

> (Exhibit 15F). This restriction can be accommodated with regular work breaks.

R. 21. Doc. No. 21 at 19. Thus, the ALJ did consider Claimant's fatigue and included regular rest breaks, every three to four hours, in the RFC to accommodate it. R. 15.

Claimant's argument regarding the ALJ's evaluation of his subjective symptoms is, in actuality, a disagreement with the ALJ regarding the conclusions to be drawn from the medical records. As the ALJ's conclusions are supported by substantial evidence, it is recommended that the Court reject this argument.

### D. Claimant's VA Rating

Claimant argues that the ALJ erred in failing to weigh his VA rating score. Doc. No. 21 at 25. The VA rated Claimant eighty percent disabled, with his neurosis and generalized anxiety disorder rated at seventy percent and his hepatitis C rated at forty percent. R. 1267. The ALJ made a passing reference to Claimant's total VA disability rating in discussing Claimant's testimony, R. 15, but she did not assign the rating any weight or discuss what an appropriate weight for a VA disability rating should be. Instead, she "gave some weight to the opinion [of the] Veteran's Administration medical professionals who examined the claimant." R. 22. The ALJ also gave considerable weight to the opinion of a state agency psychological consultant that the ALJ said was consistent with the VA's May 2014 Compensation and Pension Examination. R. 23.

The VA's disability rating is "'evidence that should be given great weight.'" *Brady v. Hecker*, 724 F.2d 914, 921 (11th Cir. 1984) (per curiam) (quoting *Olson v. Schweiker*, 663 F.2d 593 (5th Cir. 1981)). "[T]he ALJ must seriously consider and closely scrutinize the VA's disability determination and must give specific reasons if the ALJ discounts that determination." *Brown–Gaudet–Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016). The

district court "will reverse the Commissioner's decision and remand the case for the ALJ to appropriately weigh the VA disability rating" if the ALJ fails to appropriately review the VA's disability rating. *Bruton v. Comm'r of Soc. Sec.*, No. 6:16-CV-1209-ORL-37DCI, 2017 WL 4174314, at *2 (M.D. Fla. Sept. 21, 2017); *Williams v. Barnhart*, 180 F. App'x 902, 902 (11th Cir. 2006) (reversing and remanding with the instruction that "in its decision the ALJ should specifically also consider and address the VA's Rating Decision itself.").

"An ALJ's appropriate treatment of a VA disability rating 'outlines and explains what medical conditions the VA assessed and how they differ from the claimed SSA disability,' thus assessing the VA reports comparatively with the other parts of the claimant's record." *Weltz v. Berryhill*, No. 8:17-CV-2860-T-AEP, 2018 WL 6716090, at *3 (M.D. Fla. Dec. 21, 2018) (quoting *Boyette v. Comm'r of Soc. Sec.*, 605 F. App'x 777, 779–80 (11th Cir. 2015)). Here, the ALJ discussed the medical evidence from the VA, but that is not a substitute for considering and assigning weight to the disability rating. *Williams v. Barnhart*, 180 F. App'x 902, 902 (11th Cir. 2006) (reversing and remanding because the ALJ did not consider and address the VA rating, even though the ALJ "addressed at some length [the claimant's] VA medical evidence . . . ."). "[W]ithout meaningful discussion of the VA rating's impact on the ALJ's analysis of [Claimant's] disability rating, the Court cannot conclude that her decision was supported by substantial evidence." *Bruton v. Comm'r of Soc. Sec.*, No. 6:16-CV-1209-ORL-37DCI, 2017 WL 4174314, at *3 (M.D. Fla. Sept. 21, 2017).

This case is distinguishable from *Boyette v. Commissioner of Social Security*, 605 F. App'x 777, 779 (11th Cir. 2015). In *Boyette*, the ALJ did not assign a specific weight to the VA disability rating, but she did expressly acknowledge the rating and state that it was not binding. *Id.* The ALJ stated that the rating was not entitled to controlling weight and stated why it was

not. *Id.* It also appeared that the ALJ gave great weight to particular portions of the VA examiners' opinions. *Id.* The Eleventh Circuit held that this was not reversible error, as "there is no indication that [the ALJ] failed to give the VA's determination great weight or consideration." *Id.*

Here, the ALJ did not analyze the rating and did not state the weight she gave it. R. 22-23. There is no indication that the ALJ was aware that the rating should either be given great weight or that she should explain why it should not be accorded great weight. When discussing the opinions of the VA medical providers, the ALJ gave the opinions "some" and "considerable" weight. R. 22, 23. Unlike *Boyette*, in this case it appears that the ALJ either did not give the VA's determination great weight or she did not consider the VA's disability rating.

The Commissioner argues that the RFC is consistent with Claimant's disability rating and Claimant "has not pointed to any objective medical evidence in the VA rating report showing he cannot perform the light, unskilled jobs identified by the ALJ and VE[.]" Doc. No. 21 at 27. But, "the Court is unable to conclude that the ALJ properly considered the VA disability rating in making her own determination." *Tullis v. Colvin*, No. 5:15-CV-162(MTT), 2016 WL 4414793, at *3 (M.D. Ga. Aug. 18, 2016) (reversing where ALJ acknowledged the claimant's VA disability ratings, but did not appear to give any weight to them). Because the ALJ did not state what weight, if any, she accorded the VA disability rating, and there is no indication that she properly considered the VA's determinations or rating, it is recommended that the Court reverse the ALJ's decision.

### E. Weight Afforded State Agency Doctor's Opinion

Claimant's final argument is that the ALJ did not explain why she "apparently rejected" the state agency doctor's opinion that Claimant has a moderate limitation in the ability to

maintain attention and concentration for extended periods of time after she stated that she gave it considerable weight. Doc. No. 21 at 28. In her decision, however, the ALJ specifically adopted the doctor's moderate limitation and incorporated it into the RFC by limiting Claimant to simple, routine, repetitive tasks.[2] R. 14 ("With regard to concentrating, persisting, or maintaining pace, the claimant has moderate limitations."), 15. Thus, it is recommended that this argument be rejected.

### III. CONCLUSION

For the reasons stated above, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk be directed to enter judgment for Claimant and close the case.

### NOTICE TO THE PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida, on August 29, 2019.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

---

[2] It is not clear whether Claimant is referring to the doctor's statement that Claimant "may have difficulty maintaining attention and concentration for extended periods of time" as the portion of the opinion that the ALJ allegedly rejected. Even if Claimant is referring to this statement, the statement is consistent with the moderate limitation given to the ability to maintain attention and concentration for extended periods of time, and it can therefore be inferred that the ALJ also gave it considerable weight.

Copies furnished to:

Meredith E. Marcus, Esq.
Daley Disability Law, P.C.
4256 N. Ravenswood Ave., Suite 104
Chicago, IL 60613

Marcia Chapa Lopez
United States Attorney
John F. Rudy, III
Assistant United States Attorney
Suite 3200
400 N. Tampa St.
Tampa, FL 33602

Christopher Harris, Regional Chief Counsel
John C. Stoner, Deputy Regional Chief Counsel
Jerome M. Albanese, Branch Chief
W. Kevin Snyder, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Sam Nunn Atlanta Federal Center
61 Forsyth Street S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Kelley Fitzgerald
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
Bldg. 400, Suite 400
8880 Freedom Crossing
Jacksonville, FL 32256-1224